UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NUMBER: 18-20471-MARTINEZ-OTAZO-REYES

LYNDON GRAY,

        Plaintiff,

vs.

CITY OF MIAMI, et al.,

        Defendants.
_____/

## DEFENDANT, CITY OF MIAMI'S ANSWER &AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, CITY OF MIAMI (hereinafter, "CITY"), by and through undersigned counsel and files this Answer to Plaintiff's Complaint, and states:

### PARTIES

1. As to paragraph 1, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

2. As to paragraph 2, Defendant CITY admits the allegations contained therein.

3. As to paragraph 3, Defendant CITY admits the allegations contained therein.

4. As to paragraph 4, Defendant CITY admits the allegations contained therein.

5. As to paragraph 5, Defendant CITY admits the allegations contained therein.

6. As to paragraph 6, Defendant CITY admits the allegations contained therein.

7. As to paragraph 6, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

## JURISDICTION AND VENUE

8. As to paragraph 8, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

9. As to paragraph 9, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

10. As to paragraph 10, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

## GENERAL FACTS

11. As to paragraphs 10-22, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

23. As to paragraph 23-24, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

**CLAIM 1: FREE SPEECH RETALIATION in violation of 42 U.S.C. § 1983**
**[Against COVERT, CHESTER, HARRISON, GIOJANI]**

Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 23, as if fully set forth herein and incorporated herein.

25-29. As to paragraphs 25 - 29, said claims are not brought against Defendant CITY and, therefore, no response is necessary. However, if allegations can be construed as directed to

Defendant CITY, Defendant CITY denies any and all allegations contained therein and therefore demand strict proof at the trial of this cause.

### CLAIM 2: UNLAWFUL STOP in violation of 42 U.S.C. § 1983
### [Against COVERT, CHESTER, HARRISON, GIOJANI]

Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 23, as if fully set forth herein and incorporated herein.

25-29.  As to paragraphs 30 - 34, said claims are not brought against Defendant CITY and, therefore, no response is necessary.  However, if allegations can be construed as directed to Defendant CITY, Defendant CITY denies any and all allegations contained therein and therefore demand strict proof at the trial of this cause.

### CLAIM 3: FALSE ARREST in violation of 42 U.S.C. § 1983
### [Against COVERT, CHESTER, HARRISON, GIOJANI]

Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 23, as if fully set forth herein and incorporated herein.

35-39.  As to paragraphs 35 - 39, said claims are not brought against Defendant CITY and, therefore, no response is necessary.  However, if allegations can be construed as directed to Defendant CITY, Defendant CITY denies any and all allegations contained therein and therefore demand strict proof at the trial of this cause.

### CLAIM 4: EXCESSIVE FORCE in violation of 42 U.S.C. § 1983
### [Against COVERT, CHESTER, HARRISON, GIOJANI]

Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 23, as if fully set forth herein and incorporated herein.

40-43.  As to paragraphs 40 - 43, said claims are not brought against Defendant CITY and, therefore, no response is necessary.  However, if allegations can be construed as directed to

Defendant CITY, Defendant CITY denies any and all allegations contained therein and therefore demand strict proof at the trial of this cause.

### CLAIM 5: FALSE ARREST/IMPRISONMENT in violation in state law
### [Against COVERT, CHESTER, HARRISON, GIOJANI]

Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 23, as if fully set forth herein and incorporated herein.

44-47.  As to paragraphs 40 - 47, said claims are not brought against Defendant CITY and, therefore, no response is necessary.  However, if allegations can be construed as directed to Defendant CITY, Defendant CITY denies any and all allegations contained therein and therefore demand strict proof at the trial of this cause.

### CLAIM 6: FALSE ARREST/IMPRISONMENT in violation in state law
### [Against CITY OF MIAMI]

Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 23, as if fully set forth herein and incorporated herein.

48-51. As to paragraphs 48-51, including subparts therein, Defendant CITY denies the allegations contained therein and, therefore, demands strict proof thereof at time of trial.

### CLAIM 7: EXCESSIVE FORCE
### [Against COVERT, CHESTER, HARRISON, GIOJANI]

Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 23, as if fully set forth herein and incorporated herein.

52-56.  As to paragraphs 52-56, said claims are not brought against Defendant CITY and, therefore, no response is necessary.  However, if allegations can be construed as directed to Defendant CITY, Defendant CITY denies any and all allegations contained therein and therefore demand strict proof at the trial of this cause.

## CLAIM 8: EXCESSIVE FORCE [Against CITY OF MIAMI]

Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 23, as if fully set forth herein and incorporated herein.

57-61. As to paragraphs 57-61, including subparts therein, Defendant CITY denies the allegations contained therein and, therefore, demands strict proof thereof at time of trial.

## CLAIM 9: MALICIOUS PROSECUTION
## [Against COVERT, CHESTER, HARRISON, GIOJANI]

Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 23, as if fully set forth herein and incorporated herein.

62-67. As to paragraphs 62-67, said claims are not brought against Defendant CITY and, therefore, no response is necessary.  However, if allegations can be construed as directed to Defendant CITY, Defendant CITY denies any and all allegations contained therein and therefore demand strict proof at the trial of this cause.

## AFFIRMATIVE DEFENSE

68.     As an affirmative defense, DEFENDANT CITY, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would allege and assert that the Plaintiff's complaint fails to state a claim upon which relief can be granted.

69.     As an affirmative defense, DEFENDANT CITY would allege and assert that Plaintiff's injuries, if any, was caused in whole or in part by Plaintiffs' own unlawful acts or conduct, and accordingly Plaintiffs may not recover.

70.     As an affirmative defense, DEFENDANT CITY would allege and assert that Plaintiff has failed to mitigate his alleged damages.

71.     As an affirmative defense, DEFENDANT CITY would allege and assert that it is

entitled to a set off or a reduction in damages for any and all benefits paid to or on behalf of Plaintiff, by any and all collateral sources of indemnity.

72. As an affirmative defense, DEFENDANT CITY would allege and assert that its employees were acting in the course and scope of their employment and that they acted using only such force as was reasonable or necessary under the circumstances; in pursuit of lawful or legal duty; and/or in self-defense or in protection of others or other police officers.

73. As an affirmative defense, DEFENDANT CITY would allege and assert that its employees' actions were in accordance with the prevailing law.

74. As an affirmative defense, DEFENDANT CITY would allege and assert that at all times its employees had probable cause to arrest the Plaintiff.

75. As an affirmative defense, DEFENDANT CITY would allege and assert that Plaintiffs' Complaint fails to state a cause of action against DEFENDANT CITY for, pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

76. As an affirmative defense, DEFENDANT CITY would allege and assert that DEFENDANT CITY is entitled to the immunity provision contained in §768.28, Florida Statutes.

77. As an affirmative defense, DEFENDANT CITY would allege that it may not be held liable for employee conduct which is malicious or which is outside that course and scope of the employee's employment, in accordance with §768.28, Florida Statutes.

78. As an affirmative defense, DEFENDANT CITY would allege that that there is no policy, practice or custom of a failure to train its employees.

79. As an affirmative defense, DEFENDANT CITY would allege that at all times it has

implemented reasonable and adequate policies, procedures, and standards as to the use of force.

80.　As an affirmative defense, DEFENDANT CITY would allege that it utilizes adequate procedures for hiring and training its employees.

81.　As an affirmative defense, DEFENDANT CITY would allege and assert that at all times CITY employees had reasonable suspicion that Plaintiff had committed a crime.

82.　DEFENDANT CITY reserves the right to amend and supplement these affirmative defenses adding such affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Defendant CITY hereby demand trial by jury on all issues so triable.

WHEREFORE, for the reasons above stated, Defendant CITY respectfully request that this Court enter a judgment in his favor and to award him his costs and expenses incurred in the defense of this matter.

>
> Respectfully submitted,
> VICTORIA MÉNDEZ, City Attorney
> DOUGLAS A. HARRISON, Assistant City Attorney
> Attorneys for Defendant
> 444 S.W. 2nd Avenue, Suite 945
> Miami, FL  33130-1910
> Tel.:　(305) 416-1800
> Fax:　(305) 416-1801
> E-Mail:　　daharrison@miamigov.com
>
>
> By:　*/s/ Douglas A.* Harrison
> 　　　Douglas A. Harrison, Assistant City Attorney
> 　　　Florida Bar No. 75566

**CASE NO.: 18-CV-20471**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    */s/ Douglas A. Harrison*
       Douglas A. Harrison

## **SERVICE LIST**

CASE NUMBER: 18-20471-MARTINEZ-OTAZO-REYES

Faudlin Pierre, Esq.
18900 NE 1st Court
Miami, Florida 33179
(305) 336-9193
E-Mail:  fplaw08@yahoo.com
Attorney for the Plaintiff, Lyndon Gray

932031