**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

CASE NUMBER: 18-20471-MARTINEZ-OTAZO-REYES

LYNDON GRAY,

        Plaintiff,

vs.

CITY OF MIAMI, et al.,

        Defendants.
_____/

**DEFENDANT, CHARLES CHESTER'S ANSWER &AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, CHARLES CHESTER (hereinafter, "CHESTER"), by and through undersigned counsel and files this Answer to Plaintiff's Complaint, and states:

**PARTIES**

1. As to paragraph 1, Defendant CHESTER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

2. As to paragraphs 2-7, Defendant CHESTER admits the allegations contained therein.

**JURISDICTION AND VENUE**

8. As to paragraphs 8-10, Defendant CHESTER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

## GENERAL FACTS

11-24. As to paragraphs 11-24, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

### CLAIM 1: FREE SPEECH RETALIATION in violation of 42 U.S.C. § 1983
### [Against COVERT, CHESTER, HARRISON, GIOJANI]

Defendant CITY re-asserts/re-alleges his answers as to each and every allegation set forth in paragraphs 1 through 24, as if fully set forth herein and incorporated herein.

25-29. As to paragraphs 25-29, Defendant CHESTER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

### CLAIM 2: UNLAWFUL STOP in violation of 42 U.S.C. § 1983
### [Against COVERT, CHESTER, HARRISON, GIOJANI]

Defendant CITY re-asserts/re-alleges his answers as to each and every allegation set forth in paragraphs 1 through 24, as if fully set forth herein and incorporated herein.

30-34. As to paragraphs 30-34, Defendant CHESTER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

### CLAIM 3: FALSE ARREST in violation of 42 U.S.C. § 1983
### [Against COVERT, CHESTER, HARRISON, GIOJANI]

Defendant CITY re-asserts/re-alleges his answers as to each and every allegation set forth in paragraphs 1 through 24, as if fully set forth herein and incorporated herein.

35-39. As to paragraphs 35-39, Defendant CHESTER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

<u>CASE NO.: 18-CV-20471</u>

### CLAIM 4: EXCESSIVE FORCE in violation of 42 U.S.C. § 1983
### [Against COVERT, CHESTER, HARRISON, GIOJANI]

Defendant CITY re-asserts/re-alleges his answers as to each and every allegation set forth in paragraphs 1 through 24, as if fully set forth herein and incorporated herein.

40-43. As to paragraphs 40-43, Defendant CHESTER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

### CLAIM 5: FALSE ARREST/IMPRISONMENT in violation in state law
### [Against COVERT, CHESTER, HARRISON, GIOJANI]

Defendant CITY re-asserts/re-alleges his answers as to each and every allegation set forth in paragraphs 1 through 24, as if fully set forth herein and incorporated herein.

44-47. As to paragraphs 44-47, Defendant CHESTER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

### CLAIM 6: FALSE ARREST/IMPRISONMENT in violation in state law
### [Against CITY OF MIAMI]

Defendant CHESTER re-asserts/re-alleges his answers as to each and every allegation set forth in paragraphs 1 through 24, as if fully set forth herein and incorporated herein.

48-51. As to paragraphs 48-51, said claims are not brought against Defendant CHESTER and, therefore, no response is necessary. However, if allegations can be construed as directed to Defendant CHESTER, Defendant CHESTER denies any and all allegations contained therein and therefore demand strict proof at the trial of this cause.

### CLAIM 7: EXCESSIVE FORCE
### [Against COVERT, CHESTER, HARRISON, GIOJANI]

932965

Defendant CITY re-asserts/re-alleges his answers as to each and every allegation set forth in paragraphs 1 through 24, as if fully set forth herein and incorporated herein.

52-56. As to paragraphs 52-56, Defendant CHESTER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

### CLAIM 8: EXCESSIVE FORCE [Against CITY OF MIAMI]

Defendant CHESTER re-asserts/re-alleges his answers as to each and every allegation set forth in paragraphs 1 through 24, as if fully set forth herein and incorporated herein.

57-61. As to paragraphs 57-61, said claims are not brought against Defendant CHESTER and, therefore, no response is necessary. However, if allegations can be construed as directed to Defendant CHESTER, Defendant CHESTER denies any and all allegations contained therein and therefore demand strict proof at the trial of this cause.

### CLAIM 9: MALICIOUS PROSECUTION
### [Against COVERT, CHESTER, HARRISON, GIOJANI]

Defendant CITY re-asserts/re-alleges his answers as to each and every allegation set forth in paragraphs 1 through 24, as if fully set forth herein and incorporated herein.

62-67. As to paragraphs 62-67, Defendant CHESTER is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny same and demand strict proof thereof at time of trial.

### AFFIRMATIVE DEFENSE

68. As an affirmative defense, Defendant CHESTER, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, would allege and assert that the Plaintiff has failed to state a claim for relief by failing to make sufficient allegation of ultimate fact demonstrating that this court has subject matter jurisdiction of this claim.

932965

69. As an affirmative defense, Defendant CHESTER, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would allege and assert that the Plaintiff's complaint fails to state a claim upon which relief can be granted.

70. As an affirmative defense, Defendant CHESTER would allege and assert that Plaintiff's injuries, if any, was caused in whole or in part by Plaintiff's own unlawful acts or conduct, and accordingly Plaintiff may not recover.

71. As an affirmative defense, Defendant CHESTER would allege and assert that Plaintiff has failed to mitigate his alleged damages.

72. As an affirmative defense, Defendant CHESTER would allege and assert that he is entitled to a set off or a reduction in damages for any and all benefits paid to or on behalf of Plaintiff, by any and all collateral sources of indemnity.

73. As an affirmative defense, Defendant CHESTER would allege and assert that he is immune from any and all liability through application of the concept of qualified immunity as he, at no time, committed any act in derogation of Plaintiff's civil rights of which a reasonable law enforcement officer would have had knowledge and, otherwise, at all times, acted in good faith relying upon existing statutes, policies and procedures as authority for his actions.

74. As an affirmative defense, Defendant CHESTER would allege and assert that the actions taken by him with regard to the seizure, apprehension and detention of the Plaintiff, were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions so as to warrant recovery pursuant to 42 U.S.C. §1983.

75. As an affirmative defense, Defendant CHESTER would allege and assert that at all times probable cause existed for Plaintiff's criminal prosecution.

76. As an affirmative defense, Defendant CHESTER would allege that Plaintiff's

CASE NO.: 18-CV-20471

actions resulted in his detention, arrest and the subsequent charges being charges being lodged against him.

77. As an affirmative defense, Defendant CHESTER would allege and assert that he acted within the course and scope of his employment, and not in bad faith or with malicious purpose, or in a manner exhibit wanton and willful disregard of human rights, safety or property and consequently he is immune from suit pursuant to Section 768.28(9), Florida Statutes.

78. As an affirmative defense, Defendant CHESTER would assert that he is immune from liability, or liability is limited for any and all alleged injuries or damages about which Plaintiff complains by virtue and by operation of the statutory waiver of sovereign immunity.

79. As an affirmative defense, Defendant CHESTER would allege and assert that his actions was taken without malice; with probable cause; using only such force as was reasonable or necessary under the circumstances; in pursuit of lawful or legal duty; and/or in self-defense or in protection of others or other police officers.

80. As an affirmative defense, Defendant CHESTER would allege and assert that his actions were in accordance with the prevailing law.

81. As an affirmative defense, Defendant CHESTER would allege and assert that at all times he had reasonable suspicion that Plaintiff had committed a crime.

82. As an affirmative defense, Defendant CHESTER would allege and assert that at all times he had probable cause to arrest the Plaintiff.

83. Defendant CHESTER reserves the right to amend and supplement these affirmative defenses adding such affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

<u>CASE NO.: 18-CV-20471</u>

## **DEMAND FOR TRIAL BY JURY**

Defendant CHESTER hereby demand trial by jury on all issues so triable.

WHEREFORE, for the reasons above stated, Defendant CHESTER respectfully request that this Court enter a judgment in his favor and to award him his costs and expenses incurred in the defense of this matter.

> Respectfully submitted,
> VICTORIA MÉNDEZ, City Attorney
> DOUGLAS A. HARRISON, Assistant City Attorney
> Attorneys for Defendant
> 444 S.W. 2nd Avenue, Suite 945
> Miami, FL  33130-1910
> Tel.:    (305) 416-1800
> Fax:    (305) 416-1801
> E-Mail:    daharrison@miamigov.com
>
> By:    */s/ Douglas A. Harrison*
> Douglas A. Harrison, Assistant City Attorney
> Florida Bar No. 75566

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> By:    */s/ Douglas A. Harrison*
> Douglas A. Harrison

932965

**CASE NO.: 18-CV-20471**

# SERVICE LIST

CASE NUMBER: 18-20471-MARTINEZ-OTAZO-REYES

Faudlin Pierre, Esq.
18900 NE 1st Court
Miami, Florida 33179
(305) 336-9193
E-Mail:  fplaw08@yahoo.com
Attorney for the Plaintiff, Lyndon Gray